UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
LUIS GONZALEZ, :
:
                Plaintiff, :
: **INITIAL REVIEW**
    -against- : **ORDER**
:
ANGEL QUIROS, WARDEN DEVONIA LONG, : 3:23-cv-1458 (VDO)
CAPTAIN RIVERA, LT. JANE DOE, C.O. JOHN :
DOE, :
:
                Defendants. :
---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

    Plaintiff Luis Gonzalez is an unsentenced inmate in the custody of the Connecticut Department of Correction ("DOC") and incarcerated at the New Haven Correctional Center ("NHCC").[1] He filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 for violation of his constitutional rights against Commissioner Quiros and four Hartford Correctional Center ("HCC") employees, Warden Devonia Long, Captain Rivera, Lieutenant Jane Doe, and Correction Officer John Doe. Plaintiff sues all defendants in their individual capacities for damages.

    The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Plaintiff is an unsentenced prisoner at NHCC who was admitted to the DOC on June 29, 2023. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=321278.

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.

I. **FACTUAL BACKGROUND**

While the Court does not set forth all of the facts alleged in Plaintiff's complaint, it summarizes his basic factual allegations here to give context to its rulings below.

On July 14, 2023, Plaintiff was attacked by two other inmates. After Plaintiff was released from segregation on July 19, 2023, the HCC correctional staff, including Captain Rivera, placed him in a cell next to one of the inmates who had attacked him on July 14, 2023. Thereafter, Plaintiff was attacked again by that same inmate.

II. **LEGAL STANDARD**

Under 28 U.S.C. § 1915A, courts must review prisoner civil complaints in which a prisoner seeks redress from a governmental entity and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability

requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). However, *pro se* litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Harden v. Doe*, No. 19-CV-

3839(CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

### III. DISCUSSION

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 for constitutional violations arising from deliberate indifference to his safety. As Plaintiff was an unsentenced prisoner at the time of the events alleged in this complaint, Plaintiff's claims of deliberate indifference to his safety are governed by the Fourteenth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *see also Charles v. Orange Cnty.*, 925 F.3d 73, 85-86 (2d Cir. 2019) (pretrial detainee medical indifference claims fall under the Fourteenth Amendment); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (*pro se* complaints must be construed to raise the strongest arguments they suggest). Thus, the Court considers whether Plaintiff has alleged facts to state any plausible claim for damages arising from a constitutional violation by Commissioner Quiros, Warden Long, Captain Rivera, Lieutenant Jane Doe, and Correction Officer John Doe.

#### A. Personal Involvement

Plaintiff must allege facts to reflect that any defendant against whom he seeks damages was personally involved in the alleged constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal citation and quotation marks omitted). As the Second Circuit has clarified, "there is no special rule for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 618 (2d Cir. 2020). Thus, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against a state official without relying on a special test for supervisory liability. *Id.* at 620.

Plaintiff has not alleged any facts about Commissioner Quiros, Warden Long, Lieutenant Doe or Correction Officer Doe in the body of the complaint. A Plaintiff cannot hold a defendant liable under section 1983 for damages without alleging facts describing how that defendant violated his constitutional rights through their "own individual actions." *Harnage v. Dzurenda*, No. 3:14-CV-885 (SRU), 2022 WL 972438, at *8 (D. Conn. Mar. 31, 2022) (citing *Tangreti*, 983 F.3d at 618). Thus, the Court must dismiss all of Plaintiff's claims against Commissioner Quiros, Warden Long, Lieutenant Jane Doe, and Correction Officer John Doe. If Plaintiff files an amended complaint, he must allege facts describing how any defendant, including a Doe defendant, took action or failed to take action that amounted to a violation of his constitutional rights.

B.  **Fourteenth Amendment**

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two prongs: (1) an objective prong, which requires a plaintiff to show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) a subjective or "*mens rea*" prong, which requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. With respect to the first prong of a deliberate indifference claim, the plaintiff must show that the conditions he experienced "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Id.* at 30. With respect to the second prong, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or

5

safety." *Id.* at 35. Negligence is insufficient to satisfy this component. *Id.* at 36.

In addition, prison officials can be held liable under section 1983 "for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence." *Abreu v. Bascue*, No. 9:18-CV-0186 (MAD/ATB), 2018 WL 11466956, at *13 (N.D.N.Y. May 1, 2018). Liability for failure to intervene "can arise where a prison corrections officer fails to prevent another corrections officer from committing a constitutional violation if (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Delano v. Rendle*, No. 9:13-CV-00070 (NAM/TWD), 2016 WL 4146476, at *11 (N.D.N.Y. July 12, 2016) (internal quotation marks omitted), *report and recommendation adopted*, No. 9:13-CV-70 (NAM/TWD), 2016 WL 4133542 (N.D.N.Y. Aug. 3, 2016).

Plaintiff's allegations are sparse, but the Complaint adequately suggests that Captain Rivera was involved in Plaintiff's placement in a cell next to an inmate known to have recently caused Plaintiff harm, and that the cell doors were subsequently simultaneously opened, allowing that inmate additional access to Plaintiff. For purposes of initial review, Plaintiff has sufficiently stated a claim for damages against Captain Rivera for a Fourteenth Amendment violation based on indifference to his safety.

### IV.   CONCLUSION

The Court enters the following orders:

(1)   Plaintiff may **PROCEED** with his Fourteenth Amendment claim of indifference to his safety against Captain Rivera in his individual capacity.

(2) All other claims are **DISMISSED WITHOUT PREJUDICE**. The Court DISMISSES all claims against Commissioner Quiros, Warden Long, Lieutenant Jane Doe, and Correction Officer John Doe.

**Plaintiff has two options as to how to proceed in response to this Initial Review Order:**

(1) If Plaintiff wishes to proceed immediately **only** on the claim set forth in item one above against Captain Rivera, he may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket on or before **January 19, 2024**, informing the Court that he elects to proceed with service as to the claim against set forth in this paragraph. The Court will then begin the effort to serve process on Captain Rivera in the capacity described above.

(2) Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed in order to attempt to state a viable claim, he may file an amended complaint by **February 19, 2024**. An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any amended complaint. The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein. If Plaintiff elects to file an amended complaint, the complaint this Initial Review Order addresses will **not** proceed to service of process on any defendant.

(3) If the Court receives no response from Plaintiff by **February 20, 2024**, the Court will presume that Plaintiff wishes to proceed on the complaint as to the claims permitted to go forward in this Initial Review Order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Changes of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendant or counsel for Defendant of his new address.

                                          **SO ORDERED.**

Hartford, Connecticut
December 20, 2023

                                      /s/Vernon D. Oliver
                                      VERNON D. OLIVER
                                      United States District Judge